Dear Representative Hyman
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
 Is a limited-term municipal sales tax, whose proceeds are to be used on public school facilities within the city's corporate limits pursuant to 11 O.S. 2001, § 22-159[11-22-159] (which allows municipal sales taxes to be used for support of public school systems) and approved by the voters of the city, which apportions the tax proceeds to certain school districts which have buildings or other facilities within the municipal boundaries, but apportions no tax proceeds to one or more other school districts which also have students, but not facilities within the municipal boundaries, lawful and constitutional?
¶ 1 Rephrased, you ask, where a city enacts a sales tax ordinance, the proceeds of which are to be used for support of public schools under a state statute authorizing such tax, must the city apportion the proceeds among all school districts situated in whole or in part within the city?
¶ 2 A city within your district enacted a municipal sales tax ordinance, the proceeds of which are designated "solely for the acquisition, construction, furnishing, equipment and financing of educational facilities and for other educational functions" within the city.[1] While all or parts of three public school districts are within city limits, only two of the districts are to receive assistance under the ordinance. The two districts favored by the ordinance have school buildings or other facilities within municipal limits. The third district has no such buildings or facilities within the city, but the school district serves a substantial number of students within the city. Your question involves whether different treatment of the third school violates the State or federal Constitution or other applicable laws.
¶ 3 State law allows a city or town to impose a municipal sales tax, subject to voter approval, and use the proceeds for support of local school systems. Title 11 O.S. 2001, § 22-159[11-22-159] provides:
 Municipalities may support any public school system located in whole or in part within the corporate limits of the municipality, including without limitation by the expenditure of municipal revenues for construction or improvement of public school facilities. In furtherance of municipal support for any public school system, as authorized by this section, the municipal governing body may take all actions necessary to effectuate such support.
Id. Under the above statute revenues may be raised to assist local public schools by imposition of a municipal sales tax as authorized by 68 O.S. 2001 Supp. 2004, §§ 2701-2706 (hereinafter "Municipal Tax Act"), subject to municipal voter approval. See Grimes v. City of Oklahoma City, 49 P.3d 719, 722
(Okla. 2002); A.G. Opins. 03-6 at 30, 01-40 at 192-93, 00-59 at 307-08.
¶ 4 Section 2701 of the Municipal Tax Act provides, in pertinent part:
 A. Any incorporated city or town in this state is hereby authorized to assess, levy, and collect taxes for general and special purposes of municipal government as the Legislature may levy and collect for purposes of state government except ad valorem property taxes. Provided:
 1. Taxes shall be uniform upon the same class subjects, and any tax, charge, or fee levied upon or measured by income or receipts from the sale of products or services shall be uniform upon all classes of taxpayers;
. . . .
 7. Any revenues derived from a tax authorized by this subsection not dedicated to a limited purpose shall be deposited in the municipal general fund.
 B. A sales tax authorized in subsection A of this section may be levied for limited purposes specified in the ordinance levying the tax. Such ordinance shall be submitted to the voters for approval as provided in § 2705 of this title. Any sales tax levied or any change in the rate of a sales tax levied pursuant to the provisions of this section shall become effective on the first day of the calendar quarter following approval by the voters of the city or town unless another effective date, which shall also be on the first day of a calendar quarter, is specified in the ordinance levying the sales tax or changing the rate of sales tax. Such ordinance shall describe with specificity the projects or expenditures for which the limited-purpose tax levy would be made. The municipal governing body shall create a limited-purpose fund and deposit therein any revenue generated by any tax levied pursuant to this subsection. Money in the fund shall be accumulated from year to year. The fund shall be placed in an insured interest-bearing account and the interest which accrues on the fund shall be retained in the fund. The fund shall be nonfiscal and shall not be considered in computing any levy when the municipality makes its estimate to the excise board for needed appropriations. Money in the limited-purpose tax fund shall be expended only as accumulated and only for the purposes specifically described in the taxing ordinance as approved by the voters.
68 O.S. Supp. 2004, § 2701[68-2701].
¶ 5 Neither the Municipal Tax Act nor 11 O.S. 2001, § 22-159[11-22-159] requires that a municipality must distribute the proceeds of a tax in any particular way, nor do these laws prohibit use of proceeds in a way that favors one particular school. The law only provides the tax "may be levied for limited purposes specified in the ordinance levying the tax." 68 O.S. Supp. 2004, § 2701[68-2701](B).
¶ 6 In applying these statutes, constitutional principles of equal protection must be considered; i.e., in apportioning the tax proceeds all city inhabitants must be treated in a manner that is constitutionally acceptable. A.G. Opin. 01-40 at 190-96. The standard to be applied is whether the legislative body had a "rational basis" for its action setting apart a class of persons for disparate treatment. Ross v. Peters, 846 P.2d 1107,1114 (Okla. 1993).[2] In applying such a relaxed standard, the question is not whether the action is unwise or harmful in some way. Instead, "[t]he judiciary can interfere with legislative action only when it clearly appears that a given act contravenes the basic law of the State and for that reason is unconstitutional and void." Okla. County Util. Serv. Auth. v.Corp. Comm'n, 519 P.2d 919, 921 (Okla. 1974).
¶ 7 In other words, some rational reason must exist for allocating the funding in a way that tends to favor one or two schools, to the detriment of another. Id. The action cannot be arbitrary or capricious. Id. If there is a conceivable rational basis for difference in treatment the statute will be valid.Citicorp Sav. Trust Co. v. Banking Bd., 704 P.2d 490, 497
(Okla. 1985). It is not even necessary for the legislation to spell out the purpose or rationale supporting its classification.Ross, 846 P.2d at 1116. A court on review "will hypothesize reasons for the law's enactment if the legislature fails to do so." Id.; see Nordlinger v. Hahn, 505 U.S. 1, 15 (1992).
¶ 8 A strong presumption of constitutionality of a law or ordinance exists which can be overcome only by an examination of the underlying facts and circumstances to assure the legislation is not "clearly, palpably and plainly inconsistent with the Constitution." Reherman v. Okla. Water Res. Bd., 679 P.2d 1296,1300 (Okla. 1984). In our opinion, the ordinance and election proposition are therefore presumptively constitutional. Id.
While the election proposition and the ordinance provide that proceeds of the sales tax shall be used "solely for the acquisition, construction, furnishing, equipment and financing of educational facilities and for other educational functions" within the city, it may be that the city council reasoned that, since the third school had no facilities in the city limits, support for this district was not needed. Ardmore, Okla., Proposition Sales Tax Ordinance 2751 (Nov. 18, 2003). To rebut the presumption of constitutionality or question the underlying rationale of the council (whether stated or hypothetical) in adopting the ordinance would involve questions of fact. Such a review of underlying facts is beyond the scope of an Attorney General Opinion. 74 O.S. 2001, § 18b[74-18b](A)(5).
¶ 9 It is, therefore, the official Opinion of the AttorneyGeneral that:
 A municipal sales tax ordinance which provides that tax proceeds shall be distributed to two public school districts with school buildings or other facilities within city limits, but omits to provide for a third district that has no school buildings or other facilities within city limits, is presumptively constitutional. Ross v. Peters,
846 P.2d 1107, 1114 (Okla. 1993); Reherman v. Okla. Water Res. Bd., 679 P.2d 1296, 1300 (Okla. 1984);
11 O.S. 2001, § 22-159; A.G. Opin. 01-40 at 190-96.
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 LYNN C. ROGERS Assistant Attorney General
[1] See Ardmore, Okla., Proposition Sales Tax Ordinance 2751 (Nov. 18, 2003).
[2] In equal protection cases it must first be determined if the classification violates a right of, or works a disadvantage on, a "suspect class"; if so, a "strict scrutiny" standard applies. St. Paul Fire Marine Ins. Co. v. Getty Oil Co.,782 P.2d 915, 920 (Okla. 1989); A.G. Opin. 01-40 at 193. But in the instance of financing public education the court has held low-income students in public schools were not a suspect class.Fair Sch. Fin. Council of Okla., Inc. v. State, 746 P.2d 1135,1144 (Okla. 1987).